

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 20, 1975

The Honorable Chet Brooks, Chairman    Opinion No. H-610
Joint Committee on Prison Reform
Senate Chamber                         Re: Purposes for which the
Austin, Texas  78711                   Department of Corrections
                                       may expend moneys from the
                                       Educational & Recreational
                                       Fund.

Dear Senator Brooks:

You have requested our opinion regarding the purposes for which the Department of Corrections may expend moneys from the "Educational and Recreational Fund."

The Educational and Recreational Fund has been recognized in every general appropriations act since 1957. Acts, 55th Leg., R.S., 1957, Ch. 385, at 1049. The Department of Corrections appropriation for the current biennium contains the following provision:

> All receipts from the operation of the prison unit commissaries, prison-sponsored recreational shows and entertainment, all gifts and other income for inmate welfare accruing together with balances at the beginning of each year of the biennium beginning September 1, 1973, and deposited in the local Educational and Recreational Fund, are hereby appropriated to the Department of Corrections subject to the following provisions:
>
> > A. Salaries of personnel employed out of the Educational and Recreational Fund need not conform with the provisions of the Classification Plan.
> >
> > B. Such fund shall be expended only with the advance, written approval of the Board of Corrections.

Acts, 63rd Leg., R.S., 1973, Ch. 659, at 1947-48. The precise language of this rider has appeared in every general appropriations act since 1965. See e.g., Acts 59th Leg., R.S., 1965, ch. 720 at 1767-68.

In 1938, the Attorney General was asked if money collected in the Educational and Recreational Fund could be spent to acquire land near the penitentiary in Huntsville to be used as an athletic field and "deeded to the Prison Board as trustees for the Fund". The fund was described as "a local fund . . . raised through receipts from admissions to the various entertainments staged by the prisoners, and . . . to the Walls at Huntsville, and through the profits derived from the operation of commissaries. . . from which prisoners can make purchases. . . . [It is] not derived in any manner through appropriations, is administered for the benefit of the inmates. . . and is under the control of the Prison Board." In an Opinion dated March 15, 1938 and found in Book 380 at page 887 of the Attorney General's Letter Opinion Collection, H. L. Williford, Assistant Attorney General, advised then Chairman of the Prison Board Joseph Wearden:

> If the terms, conditions, and requirements of your duties and powers with respect to the management of such fund are discretionary, and I think they are, you probably have power to use such fund for the benefit of the convicts, and your discretion as trustees is the only limitation placed upon your power to manage such fund. I see no reason why you could not purchase the land for the benefit of the prisoners.
>
> . . . .
>
> . . . the trustees of such fund can probably invest the same for the benefit of the convicts in the manner above stated in the absence of any express statutory prohibition, if same is consistent with the proper management of the State Prison System.

In 1963, Dr. George Beto, then Director of the Texas Department of Corrections made a request which resulted in Attorney General Opinion C-133 (1963) about the propriety of accepting certain advertising for the Annual Prison Rodeo souvenir program. In making the request, Dr. Beto explained that the net receipts from the rodeo were used for various rehabilitative services such as education, vocational education, religion, recreation, welfare, etc.

In connection with your request, we have been advised by the present Director of the Department of Corrections, W. J. Estelle, Jr., that the Texas Board of Corrections, acting as a Board of Trustees, is responsible for the control and supervision of the Educational and Recreational Fund, that the fund was created to receive the proceeds from the operation of the commissaries, the Prison Rodeo, and minor income-producing activities, and that all income of the fund is dedicated to the general health, educational and recreational welfare of inmates. Although we have been furnished no trust indenture and have not found any general statutory authority (but see, Education Code § 29. 03) for the establishment or collection of such a fund by the Texas Board of Corrections, the long-established and consistent characterization of the fund as a trust fund and its tacit recognition as such by the Legislature since at least 1957, convinces us that it should be treated as such. Daniel v. Richcreek, 146 S. W. 2d 206 (Tex. Civ. App. -- Austin 1940, writ dism., judg. corr. ); Turley v. Tobin, 7 S. W. 2d 949 (Tex. Civ. App. -- Austin 1928, writ refused); Omohundro v. Matthews, 341 S. W. 2d 401 (Tex. Sup. 1960). We think a confidential, fiduciary relationship exists between the Board of Corrections and the prisoners committed to its care with respect to the disposition of labor and property (and the fruits thereof) donated to the fund. See V. T. C. S. art. 6166y. See Attorney General Opinion H-543 (1975). The quoted provisions of the General Appropriations Act do not appear to be inconsistent with the purposes of the trust.

You are therefore advised that, insofar as we can ascertain, the Texas Board of Corrections, can invest the fund, or spend it, for the benefit of the prisoners in any manner consistent with the purposes of the trust, the proper management of the prison system, and the statutes of this state. 11 Tex. Jur. 2d, Charities § 11, et seq.; see V. T. C. S. art. 6166a, et seq. You have asked whether certain specific uses of the funds are permissible, but the proper determination of such matters involves fact questions which we cannot resolve.

## SUMMARY

The Educational and Recreational Fund, which is administered for the benefit of the prisoners, may be invested or spent for the prisoners' benefit in any manner consistent with the purposes of the trust, the proper management of the prison system, and the statutes of this state.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 2703

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee


jwb